CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 8 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| LAWRENCE DONAL HOWERTON, | ) | |
| Petitioner, | ) | Civil Action No. 7:09-cv-00237 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JEFFREY DILLMAN, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Lawrence Donal Howerton, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1996 convictions and sentence of 36 years active incarceration by the Danville Circuit Court for first degree murder and use of a firearm during the commission of the murder. Howerton alleges that counsel provided ineffective assistance on several grounds. The court finds that Howerton's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

## I.

On August 29, 1996, after a jury trial in the Danville Circuit Court, Howerton was convicted of first degree murder and use of a firearm in the commission of the murder and sentenced to a total of 48 years incarceration, with 12 years suspended. The Court of Appeals denied Howerton's appeal and the Supreme Court of Virginia refused his petition for appeal on August 12, 1997. Howerton did not file a petition for writ of certiorari to the United States Supreme Court. However, Howerton filed a "motion to vacate void convictions" in the Danville Circuit Court on April 21, 2000, which the court denied. He appealed that denial and the Court of Appeals affirmed the circuit court's denial. Howerton then appealed to the Supreme Court of Virginia, which dismissed his appeal on October 21, 2001. On March 9, 2009, Howerton filed a state petition for writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on May 4, 2009. Howerton filed his instant federal habeas petition on May 27, 2009. The court notified Howerton that his petition appeared to be untimely and gave him an opportunity to respond. Howerton responded and argued that the Commonwealth of

Virginia, through his court-appointed counsel, prevented him from filing his petition, because Howerton did not, and still does not, know whether "court appointed counsel ever tried filing the 'alternative to get' petitioner's appeal back before the state court."

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[1] Howerton did not meet this one-year statute of limitations. Howerton had 365 days from November 10, 1997, the date on which his conviction became final, to file his federal habeas petition. Howerton did not meet this November 10, 1998 deadline; in fact, by that date, Howerton had yet to file his state habeas

---

[1] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Howerton alleges that the Commonwealth of Virginia "prevented him from filing his § 2254 petition any sooner than he did." In support of this allegation, Howerton claims that the state courts rejected his appeals and habeas petitions. However, Howerton has not demonstrated that he acted on his case from the time his direct appeal was denied in 1997 until he filed his motion to vacate in 2001. Accordingly, the court finds that he has not demonstrated a state-created impediment that prevented him from pursuing a federal petition for writ of habeas corpus and the court declines to apply § 2244(d)(1)(B). Howerton also argues that he did not discover the factual predicate of the claims he raises until March 2009. However, all of his claims relate to appellate counsel's performance on appeal and most concern counsel's withdrawal from the appeal on November 16, 2001. The court finds that through the exercise of due diligence, Howerton's claims could have been discovered much soon than when he alleges he discovered them. Therefore, the court declines to apply § 2244(d)(1)(D). Howerton has alleged nothing to support the application of § 2244(d)(1)(C). Accordingly, the court finds that the statute of limitations began to run on the date Howerton's conviction became final. Under § 2244(d)(1)(A), Howerton's conviction became final on November 10, 1997, 90 days after the Supreme Court of Virginia denied his appeal and his time to file a petition for writ of certiorari to the Supreme Court of the United States expired.

2

petition.[2] Accordingly, Howerton's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[3] Howerton has made no such demonstration.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998)). In this case, despite being given the opportunity to amend his petition, Howerton has not demonstrated that he exercised reasonable diligence in pursuing his claims. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Accordingly, the court finds that Howerton has not demonstrated any grounds for to equitable tolling, and thus, his petition is untimely filed.

### III.

For the reasons stated, the court dismisses Howerton's petition as untimely.

**ENTER**: This 2 8th day of September, 2009.

_____
United States District Judge

----

[2] Howerton's one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Howerton no tolling under § 2244(d)(2).

[3] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

3